E-FILED
Thursday, 07 May, 2015 01:35:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN PETTIS, | ) |
|     Plaintiff, | ) ) ) |
|     v. | )     14-CV-2304 |
| JOHN LIEB and ANTHONY COBB, | ) ) ) ) |
|     Defendants. | ) |

**MERIT REVIEW OPINION**

**JAMES E. SHADID, U.S. District Judge.**

Plaintiff, proceeding pro se and incarcerated in the Champaign County Jail, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that, in July of 2013, he was arrested pursuant to a search warrant issued because of Defendant Officer Lieb's intentionally false statements. Officer Lieb allegedly falsely stated that Plaintiff's car had been seen in the area of the residence

to be searched and that a witness had seen Plaintiff in the residence. The docket in Plaintiff's state criminal case reflects that Plaintiff's motion to quash the warrant and to suppress evidence was granted on 2/14/14. The docket entry from that date states in relevant part:

> Arguments of counsel heard with respect to the hearing on whether the good faith exception applies. The Court having previously found that there was insufficient probable cause to support the issuance of the search warrant for the residence, further finds that the search warrant was issued as a result of information in the affidavit that the affiant knew was false and that was made with reckless disregard for the truth and the good faith exception does not apply. The Defendant's motion to suppress is allowed.

*People v. Pettis,* 13-CF-1092 (Champaign County, public access docket). The criminal case is on appeal. Meanwhile, the Plaintiff remains in jail.

Plaintiff states an arguable Fourth Amendment claim against Officer Lieb for arrest based on an intentionally false affidavit. *See Olson v. Champaign County, Il*, 2015 WL 1934388 (7th Cir. 2015)(Fourth Amendment claim stated for arrest without probable cause where officers deliberately provided false information to obtain arrest warrant).

At this point, Plaintiff's "failure to train" claim against the Chief of Police, Anthony Cobb, is too conclusory to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")(*citing Bell Atlantic v. Twombly*, 550 U.S. 550, 555-56 (2007). A constitutional failure to train claim requires that the city have a policy or practice of deliberate indifference to citizens' civil rights. *See Hollins v. City of Milwaukee*, 574 F.3d 822 (7th Cir. 2009). Chief Cobb cannot be held liable for his subordinate's constitutional violations simply because Chief Cobb is in charge. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). The failure to train claim will be dismissed, but without prejudice to filing an amended complaint if discovery supports the addition of the claim.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a Fourth Amendment claim against Officer Lieb based on the allegations

above.  At this point, the case proceeds solely on the claim identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to attempt service on Defendant Lieb pursuant to the standard procedures.**

12) **Plaintiff's constitutional failure to train claim against Chief Cobb is dismissed, without prejudice. Chief Cobb is dismissed, without prejudice.**

13) **Plaintiff's motion for counsel is denied (5).** Plaintiff has some college courses and his Complaint coherently sets forth his claims and demonstrates some knowledge of the applicable law. Additionally, Plaintiff already has personal knowledge of many of the relevant facts, as well as the state court's ruling on the motion to suppress. On this record, Plaintiff appears competent to proceed

pro se in light of the straightforward nature of his claim. *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007).

14) **Plaintiff's motion for status is denied as moot (6).**

ENTERED: 05/07/2015

FOR THE COURT:

                                    **s/James E. Shadid**
                                    JAMES E. SHADID
                                    UNITED STATES DISTRICT JUDGE